## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

William Wade Acker,                                    File No. 25-CV-01340 (JMB/JFD)

      Plaintiff,

v.

                                   **ORDER**

Bridgecrest Acceptance Corporation;
Bridgecrest Lending Auto Securitization
Trust 2024-4; Computershare Trust
Company, N.A.; and Bridgecrest Auto
Funding, LLC,

      Defendants.

William Wade Acker, Hugo, MN, self-represented.

Natalia S. Kruse, Husch Blackwell LLP, Minneapolis, MN, for Defendants Bridgecrest
Acceptance Corporation; Bridgecrest Lending Auto Securitization Trust 2024-4;
Computershare Trust Company, N.A.; and Bridgecrest Auto Funding, LLC.

      This matter is before the Court on Defendants Bridgecrest Acceptance

Corporation's (Bridgecrest), Bridgecrest Lending Auto Securitization Trust 2024-4's,

Computershare Trust Company, N.A.'s, and Bridgecrest Auto Funding, LLC's (together,

Defendants) motion to compel arbitration (Doc. No. 5) and Plaintiff William Wade Acker's

motion to remand to state court and for an award of sanctions to compensate Acker for the

"costs, time, and expense associated" with the motion to remand.  (Doc. No. 12.)  For the

reasons explained below, the Court grants Defendants' motion, denies Acker's motion,

refers this dispute to arbitration, and stays the proceedings pending arbitration.

## BACKGROUND

In November 2024, Acker entered into an agreement with Carvana LLC to purchase a vehicle to be financed through Bridgecrest.  (Doc. No. 1-1 ¶¶ 12, 20.)  As a term of the vehicle purchase agreement, Acker and Defendants entered into an Arbitration Agreement (Agreement).  (Doc. No. 7 at 8–14.)  The Agreement included the following clauses:

> **2. <u>Promise to Arbitrate</u>.** Except as stated below in Section 2.1, You or We can choose to demand that a Claim shall be resolved through binding and final arbitration instead of through court proceedings, and You and We promise to accept that demand. . . .

> **3.  <u>YOUR LIMITED OPTION TO OPT OUT OF CERTAIN PROVISIONS</u>. Under this Section 3, You may opt out of Section 2 above, the provisions that obligate You and Us to accept arbitration on demand in many circumstances. If you exercise this option in accordance with this Section 3, neither You nor We will have the right to require arbitration of any Claims. . . . For You to [exercise this option], We [must] <u>receive</u> a signed writing (the "Opt-Out Notice") from You within 30 days of the date You sign this Arbitration Agreement, stating that You are opting out of Section 2 of the Agreement. . . .**

> **4. <u>Arbitrability Delegated to Arbitrator</u>.** Any dispute relating to the validity, enforceability, interpretation, or scope of this Agreement, the arbitrability of any Claim, or other gateway issues of arbitrability, or any alleged waiver of this Agreement shall be exclusively resolved by the arbitrator and not by a court. . . .

> **15. <u>Applicable Law</u>.** Because the Contracts involve a transaction in interstate commerce, the FAA governs this Agreement and any arbitration pursuant to this Agreement to the exclusion of any state law inconsistent with the FAA. The arbitrator shall apply applicable statutes of limitations. Except as otherwise stated in this Agreement, the arbitrator is

2

> authorized and given the power to award all remedies that
> would apply if the action were brought in court. The arbitrator
> is not required to apply federal or state rules of civil procedure
> or evidence.

(*Id.* (emphasis in text).)

Acker paid a portion of the vehicle's cost and financed the remainder. (*See* Doc. No. 1-1 at 20.) In December 2024, Acker conveyed a "negotiable instrument" to Bridgecrest in an apparent effort to satisfy his outstanding obligation of $50,094.88. (*Id.* ¶ 13.) Bridgecrest refused the payment instrument and demanded payment in United States currency. (*Id.* ¶ 14.) Defendants continued to make attempts to collect payment. (*Id.* ¶ 21.)

In February 2025, Acker sued Defendants in Washington County District Court. (*See id.*) The Complaint alleged eight counts of civil wrongdoing including unjust enrichment, breach of contract, fraudulent misrepresentation, and defamation. (*Id.* at 8–16.) Defendants were served with the Complaint on March 18, 2025. (Doc. No. 1 ¶ 5.) On April 9, 2025, Defendants removed the action from state court to federal court under 28 U.S.C. § 1441(a) based on federal question jurisdiction. (*Id.* ¶ 6–7.)

## DISCUSSION

Acker has moved to remand the case (Doc. No. 12), and Defendants have moved to compel arbitration (Doc. No. 5).[1] For the reasons discussed below, the Court denies Acker's motion to remand and grants Defendants' motion to compel arbitration.

---

[1] Acker also objects that Defendants failed to properly serve notice of removal. (Doc. No. 12 ¶ 7.) The Court has assessed the record and is satisfied that Defendants have complied with all notice requirements set forth in 28 U.S.C. § 1446. (*See* Doc. No. 1 at 1–6.)

## I.    MOTION TO REMAND AND FOR SANCTIONS

Generally, the party seeking removal and opposing remand has the burden of establishing the existence of federal subject matter jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009). To determine whether to remand, courts apply the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks omitted).

Defendants assert that this Court has original jurisdiction over the lawsuit because Acker alleged, in his claim for defamation, that Defendants violated a federal law—the Fair Credit Reporting Act (FCRA)—and sought statutory damages. (Doc. No. 1 ¶¶ 7–10.) Acker moves to remand to state court, arguing that his complaint seeks relief under purely state and common law, and that any reference to the FCRA was merely "incidental." (Doc. No. 12 ¶¶ 4–5.)

It is well established that federal courts may exert jurisdiction over a complaint that pleads violations of both state and federal law. *Country Club Ests., L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1003–04 (8th Cir. 2000). Where, as here, an allegation that a federal law has been violated appears "on the face of the complaint," then it is generally considered "part of the plaintiffs' cause of action, as demonstrated by the words they themselves selected," and the Court's analysis need go no further. *Id.* at 1004. Jurisdiction is not defeated "by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover," unless the claim "clearly appears to be immaterial and

made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation omitted) (internal quotation marks omitted).  To establish federal jurisdiction, a claim of a federal law violation must be clear on the face of the complaint, but it need not predominate over state law claims, nor even be likely to succeed, to nevertheless confer federal jurisdiction over the action. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997) (concluding that even state law causes of action can "still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties").

Acker argues that "federal defenses or incidental references do not suffice" to establish original jurisdiction.  (Doc. No. 12 ¶ 4.)  The Court is not convinced by this argument for three reasons.  First, Acker cites no caselaw or governing authority in support of this contention.  Second, while Acker is correct that federal defenses do not create original jurisdiction, a federal defense is plainly not at issue in this dispute.  Third, the Court does not agree with Acker's characterization of the two FCRA violations as "incidental references"; rather, the Complaint plainly asserts FCRA violations, and it seeks damages accordingly.  (*See* Doc. No. 1-1 ¶ 64 (alleging that "[r]espondents' actions violated the Fair Credit Reporting Act (15 U.S.C. § 1681s-2(b))"); ¶ (d) (seeking "[s]tatutory damages for violations of . . . the Fair Credit Reporting Act").)

A violation of federal law was clearly and plainly asserted on the face of Acker's Complaint, and that it was not so insubstantial or frivolous as to defeat federal jurisdiction.[2] Thus, the Court thus denies Acker's motion to remand to state court.[3]

## II.    MOTION TO COMPEL ARBITRATION

Defendants move to compel arbitration pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16.  (*See* Doc. No. 6.)[4]  The FAA allows parties to use arbitration, instead of lawsuits, to resolve their disputes.  *See* 9 U.S.C. § 2.  The FAA promotes a "liberal federal policy favoring arbitration agreements."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  Written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  That said, "a court's role under the FAA is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute."  *Triplet v. Menard, Inc.*, 42 F.4th 868, 870 (8th Cir. 2022) (quotation omitted).  If both are true, "[a] court must grant a motion to compel arbitration."  *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1198 (8th Cir.

---

[2] The Court need not conduct further analysis.  *See Country Club Ests.*, 213 F.3d at 1003 (concluding that an "unequivocal" reference in the complaint to the U.S. Constitution was sufficient to confer federal question jurisdiction); *see also Lundeen v. Canadian Pac. Ry. Co.*, 342 F. Supp. 2d 826, 831 (D. Minn. 2004) (concluding that a reference to federal environmental law in the complaint was sufficient to confer federal question jurisdiction regardless of whether plaintiffs could actually recover under the claim).

[3] In light of the decision to deny the motion to remand, the Court necessarily also denies Acker's request for sanctions.

[4] Acker has filed no response to Defendants' motion to compel arbitration, and thus the Court considers it unopposed.

2008). "The party resisting arbitration bears the burden of showing either that the arbitration provision is invalid or that it does not encompass the claims at issue." *Triplet*, 42 F.4th at 870. As Acker has filed no response to Defendants' motion, he has failed to meet this burden, and the Court may grant the motion accordingly. The Court nevertheless briefly assesses the two determinative elements under the FAA.

First, the Court concludes that the Agreement is valid and enforceable. The Agreement's provisions are plain and clear. The Agreement was signed by both parties. (Doc. No. 7 at 14.) There are no allegations of fraud or duress in the execution of the Agreement. The Agreement included a summary page in which it warned customers of the rights they were waiving in plain and clear language and explained the consequences of the contract terms. (*Id.* at 8.) Furthermore, the Agreement provided Acker an additional opportunity to opt out of the Agreement within thirty days of the date of signing, which he did not do. (*Id.* ¶ 5.) The Court concludes that the Agreement is valid and enforceable.

Second, the Court concludes that Acker's claims fall within the Agreement's scope. The Agreement states that the parties agreed to arbitrate any claim "relating to or arising from . . . the Vehicle[;] . . . liens on the Vehicle; . . . the Contracts, and duties or relationships arising therefrom; . . . credit reporting; . . . servicing of the Contracts; . . . [or] the collection of amounts owed by You." (Doc. No. 7 at 9 ¶ 1.2.) Acker's claims, arising of out the purchase of the vehicle, the lien, the contract, associated credit reporting, and collection efforts, plainly fall within the categories of claims contemplated by the Agreement. (*See* Doc. No. 1-1 at 2–17.); *see also Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24 ("[Q]uestions of arbitrability must be addressed with a healthy regard for the federal

policy favoring arbitration."). Thus, the Court concludes that Acker's claims fall within the scope of the Agreement.

For the reasons stated above, the Court grants Defendants' motion to compel arbitration and will stay proceedings in this matter until the completion of the arbitration proceedings.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  Plaintiff William Wade Acker's Motion to Remand to State Court and for Sanctions (Doc. No. 12) is DENIED.

2.  Defendants Bridgecrest Acceptance Corporation's; Bridgecrest Lending Auto Securitization Trust 2024-4's; Computershare Trust Company, N.A.'s; and Bridgecrest Auto Funding, LLC's motion to compel arbitration (Doc. No. 5) is GRANTED.

3.  All proceedings in this matter are STAYED pending arbitration.

4.  Parties are directed to commence arbitration in accordance with the procedures set forth in their Arbitration Agreement. Failure to do so may result in dismissal of this action.

5.  Parties shall file a joint letter within ninety days to update the Court on the status of the arbitration proceedings.

Dated: September 18, 2025                    /s/ *Jeffrey M. Bryan*
                                             Judge Jeffrey M. Bryan
                                             United States District Court

8