# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

William Wade Acker,

      Plaintiff,

v.

Bridgecrest Acceptance Corporation; Bridgecrest Lending Auto Securitization Trust 2024-4; Computershare Trust Company, N.A.; and Bridgecrest Auto Funding, LLC,

      Defendants.

File No. 25-CV-1340 (JMB/EMB)

**ORDER**

---

William Wade Acker, Forest Lake, MN, self-represented.

Natalia S. Kruse, Husch Blackwell LLP, Minneapolis, MN, for Defendants Bridgecrest Acceptance Corporation; Bridgecrest Lending Auto Securitization Trust 2024-4; Computershare Trust Company, N.A.; and Bridgecrest Auto Funding, LLC.

---

This matter is before the Court on Defendants Bridgecrest Acceptance Corporation's (Bridgecrest),[1] Bridgecrest Lending Auto Securitization Trust 2024-4's, Computershare Trust Company, N.A.'s, and Bridgecrest Auto Funding, LLC's (together, Defendants) Motion for Judgment on the Pleadings. (Doc. No. 40.) For the reasons explained below, the Court grants Defendants' motion.[2]

---

[1] Bridgecrest notes that it is incorrectly named as "Bridgecrest Acceptance Corporation" and should instead be called "Bridgecrest Credit Company, LLC."

[2] Additionally, Plaintiff William Wade Acker has filed a Motion to Supplement Pleadings. (Doc. No. 63.) The Court grants this Motion and considers the supplemental material when ruling on Defendants' motion.

## BACKGROUND

In November 2024, Acker entered into an agreement with Carvana LLC to purchase a vehicle to be financed through Bridgecrest.  (Doc. No. 1-1 ¶¶ 12.)  In December 2024, Acker sent Defendants a letter "enclosing a payment instrument . . . as tender of payment in full, payable to BRIDGECREST ("Payee") in the amount of Fifty-Thousand-Ninety-Four dollars and Eighty-Eight cents ($50,094.88) for the obligation associated with [the vehicle]."  (*Id.* at 5, 24–25.)  The enclosed document, however, was not itself a valid form of currency nor a conventional check or other form of payment.  Instead, the document was titled "DEMAND DRAFT," purported to be a payment made pursuant to a federal statute, and stated the following:

> FOR VALUE RECEIVED, pay BRIDGECREST, or order, the exact sum of:
>
> Fifty-Thousand-Ninety-Four dollars and Eighty-Eight cents
>
> **Amount:** $50,094.88
>
> Drawn on the account of the United States pursuant to 50 U.S. Code § 4305 (b)(2) as authorized under 50 U.S. Code § 4305 (b)(3).

## PAYMENT IN FULL

(*Id.* at 25.)  Acker's letter purported that Defendants had "received payment in full" and that "[a]ny and all contracts pertaining to this transaction, including but not limited to the security agreement, are hereby acknowledged as settled as agreed."  (*Id.* at 24.)  Acker asked Defendants to "respond with a letter of acknowledgment that the Account is settled as paid-in-full within fourteen (14) days from the receipt of this notice."  (*Id.*)

2

Defendants responded to Acker's letter, marking the Demand Draft as "REFUSED" and conveying the following:

> Despite your protests, you continue to be bound by the agreements that you have with Bridgecrest, and you thus owe all amounts still due and owing on your retail installment contract. Your letter has no legal impact on the binding agreement you entered into with Bridgecrest. We require all payments to be made in United States currency.

(*Id.* at 27–28.)  In February 2025, Acker sued Defendants in Washington County District Court. (*Id.* at 8.)  The Complaint alleged eight counts of civil wrongdoing: unjust enrichment, breach of contract, fraudulent misrepresentation, recoupment, defamation, fraudulent concealment, failure to release lien, and invalid security interest. (*Id.* at 8–15.) Defendants were served with the Complaint on March 18, 2025. (Doc. No. 1 ¶ 5.)  On April 9, 2025, Defendants removed the action from state court to federal court under 28 U.S.C. § 1441(a) based on federal question jurisdiction. (*Id.* ¶ 6–7.)

## DISCUSSION

Defendants have moved for judgment on the pleadings. Because the claims asserted in the Complaint are not supported by law, the Court grants Defendants' motion.

As a threshold matter, the Court notes that the standard for motions under Federal Rule of Civil Procedure 12(b)(6) also applies to motions for judgment on the pleadings brought under Rule 12(c): courts accept as true the facts alleged in the complaint and grant all reasonable inferences in favor of the nonmoving party. *E.g., Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Courts, however, need not accept as true wholly conclusory allegations or

3

legal conclusions couched as factual allegations. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The allegations must be sufficiently detailed to give the opposing party fair notice of the claims it will have to defend itself against. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

Judgment on the pleadings is not granted unless the moving party—here, Defendants—shows "that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). When considering a motion for judgment on the pleadings, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. *Id.* Materials embraced by the pleadings include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Yang v. City of Minneapolis*, 607 F. Supp. 3d 880, 890 (D. Minn. 2022) (citing *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Moreover, "a court is under no obligation to repeatedly accept baseless filings, particularly those of the sovereign citizen fashion." *Siruk v. Minnesota*, No. 20-CV-2373

(WMW/KMM), 2021 WL 1581242, at *3 (D. Minn. Feb 22, 2021) (citing cases), *report and recommendation adopted*, 2021 WL 1577681 (D. Minn. Apr. 22, 2021).

Even liberally construing the Complaint, the Court concludes that Acker has not asserted any cognizable claim. Acker's central claim is that the "Demand Draft" satisfied his debt. However, the "Demand Draft" is not a valid form of currency—nor does Acker provide any authority to the contrary. Instead, the "Demand Draft" is "an unintelligible document that does not state any facts that would support its acceptance as a valid negotiable instrument." *Connell v. Wells Fargo Bank, N.A.*, No. 10-CV-3133 (MJD/FLN), 2011 WL 4359979, at *2 (D. Minn. Sep. 19, 2011). "[C]ourts in numerous jurisdictions have clearly ruled that documents that purport to release debtors from their obligations under redemption and reservation of rights theories are not valid and have dismissed . . . such claims as frivolous." *Id.*; *see also Knapp v. Wings Credit Union*, No. 24-CV-434 (DWF/ECW), 2024 WL 4774537, at *3 (D. Minn. Nov. 8, 2024) (citing cases) ("[T]his theory has been consistently rejected by federal courts in this District and across the country as frivolous and nonsensical."). Because Acker's claims for unjust enrichment, breach of contract, and failure to release lien all rely on the mistaken belief that the "Demand Draft" constitutes valid currency, the Court dismisses these claims.

Acker's other claims are likewise not cognizable. The claims for invalid security interest, fraudulent misrepresentation, and fraudulent concealment essentially allege that Bridgecrest did not disclose to Acker that the credit application and retail installment contract comprised a collateral security, and that Acker could not have validly granted a security interest in the car. However, Acker cites no authority to support the validity of

these claims. As other courts have noted, "[t]here is nothing inherently unlawful about securitization, nor is it a particularly uncommon practice." *Est. of Byas v. Wells Fargo Home Mortg.*, No. 4:19-CV-257 RWS, 2020 WL 7240352, at *3 (E.D. Mo. Dec. 9, 2020) ("Securitization is not illegal and failure to disclose that a loan is securitized is not per se unethical, oppressive, or unscrupulous."). The Court is not aware of any legal authority that suggests that the securitization of a debt relieves the debtor of the obligation to repay, and Acker cites no authority that suggests otherwise. *See Montoya v. Branch Banking & Tr. Co.*, No. 1:11-CV-01869-RWS, 2012 WL 826993, at *6 (N.D. Ga. Mar. 9, 2012).

Acker's defamation claim is preempted by the Fair Credit Reporting Act (FCRA) and the Complaint does not include sufficient factual allegations to state a defamation claim under the FCRA. *See Groettum v. Kohl's Dep't Stores, Inc.*, 2020 WL 788945, at *2 (D. Minn. Feb. 18, 2020). As a threshold matter, to plead an FCRA claim, a plaintiff must allege that reported information is inaccurate. *See Peoples v. SunTrust Bank*, No. 17-CV-4235 (WMW-HB), 2018 WL 7020229, at *5 (D. Minn. Apr. 18, 2018) ("[W]hen a plaintiff cannot show that the disputed debt information is inaccurate . . . the plaintiff cannot prevail on a FCRA claim . . . ."). Additionally, to state a claim under section 1681s-2(b), a plaintiff must allege that: (1) he notified a consumer reporting agency (CRA) that it was reporting inaccurate information; (2) the CRA relayed the plaintiff's dispute to the furnisher of information (here, Bridgecrest); and (3) the furnisher of information failed to conduct a reasonable investigation to correct its reporting. *See* 15 U.S.C. § 1681s-2(b)(1); *Remis v. Trans Union LLC*, No. 22-CV-2306 (DWF/DJF), 2023 WL 2652478, at *2 (D. Minn. Mar. 27, 2023). Here, Acker does not allege that he notified a CRA that it was reporting

inaccurate information, nor does Acker make the requisite showing that the reported information was inaccurate.  The Complaint, therefore, fails to state a defamation claim.

Finally, Acker's recoupment claim fails because "[r]ecoupment is a defensive action that operates to diminish the plaintiff's recovery rather than to assert affirmative relief." *Rosebud Sioux Tribe v. Val-U Const. Co. of S.D., Inc.*, 50 F.3d 560, 562 (8th Cir. 1995).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff William Wade Acker's Motion to Supplement Pleadings (Doc. No. 63) is GRANTED.

2. Defendants' Motion for Judgment on the Pleadings (Doc. No. 40) is GRANTED.

3. Plaintiff William Wade Acker's Complaint (Doc. No. 1-1) is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  March 24, 2026                          /s/ *Jeffrey M. Bryan*
                                                Judge Jeffrey M. Bryan
                                                United States District Court